IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN D. BRANTLEY<br>1539 SHEFFIELD ROAD<br>BALTIMORE, MARYLAND 21218<br><br>Plaintiff,<br><br>v.<br><br>TOTAL HEALTH CARE, INC.<br>1501 DIVISION STREET<br>BALTIMORE, MARYLAND 21217<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*   Civil No.<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

The United States of America, by and through counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Allen F. Loucks, Assistant United States Attorney for said District, respectfully represent:

1. Total Health Care, Inc. is a defendant in the above-captioned civil action now pending in Circuit Court for Baltimore City, Case No. 010100255502009. A trial has been scheduled for April 28, 2010 at 8:30 a.m. Copies of all processes, pleadings, and orders served upon Total Health Care, Inc. in such action are attached hereto and marked as Exhibits 1- 19.

2. With regard to the allegations in the complaint against Total Health Care, Inc., it was, at all relevant times, a deemed federally supported health center pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233. Copies of the deeming letters covering the period January 1, 2008 through December 31, 2008 and January 1, 2009 through December 31, 2009 are attached hereto as

Exhibits 20-21.[1]

3. By operation of the Federally Supported Health Centers Assistance Act (42 U.S.C. § 233(g)-(n)), the health center and its employees are covered under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80. As a federally supported health center, Total Health Care, Inc. and its employees are considered "federal employees" whose acts of alleged negligence fall within the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq.

4. The Federally Supported Health Centers Assistance Act further provides that:

> "Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed...to the district court of the United States..."
> 42 U.S.C. § 233(c).

5. By virtue of the authority vested in him by the Attorney General under 28 C.F.R. § 15.4, the United States Attorney for the District of Maryland, Rod J. Rosenstein, executed a certification that Total Health Care, Inc. was acting within the scope of its employment at the time of the alleged occurrence pursuant to 28 U.S.C. § 2679 and 42 U.S.C. § 233(c). The Certification is attached hereto as Exhibit 22.

6. Pursuant to 28 U.S.C. § 2679 and 42 U.S.C. § 233, the above-captioned action is one which may be removed at any time before trial without bond to this Court because (i) plaintiff in this action seeks judgment for damages resulting from the alleged medical malpractice by Total Health Care, Inc.;

---

[1] The Secretary of Health and Human Services deemed Total Health Care, Inc. eligible for coverage under the Federal Tort Claims Act, pursuant to the Federally Supported Health Centers Assistance Act, on January 1, 2008 and January 1, 2009. See 42 U.S.C. § 233(g) (deeming criteria).

(ii) at the time of the alleged occurrence, Total Health Care, Inc. and its employees are considered "federal employees;" and (iii) remedy by suit within the meaning of 42 U.S.C. § 233(a) is, therefore, available to plaintiffs against the United States.

7. A removal of this type shall be deemed a tort action brought against the United States and this remedy shall be exclusive of any other civil action or proceeding against Total Health Care, Inc. by reason of the same subject matter. 28 U.S.C. § 2679 and 42 U.S.C. § 233(a) and (c).

WHEREFORE, the claim against Total Health Care, Inc. now pending in the Circuit Court for Baltimore Cit is properly removed pursuant to 28 U.S.C. §§ 1346, 1441, 1442, 1446, 2401, 2671-2680 and 42 U.S.C. § 233.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: _____

Allen F. Loucks
Assistant United States Attorney
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201
Ph: 410-209-4800
Fx: 410-962-9947
Allen.Loucks@usdoj.gov

This Notice of Removal has been signed pursuant to Rule 11, Federal Rules of Civil Procedure.

_____

Allen F. Loucks
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on this 24th day of March, 2010, I caused a copy of the foregoing Notice of Removal to be mailed, first class, postage prepaid to:

>John D. Brantley
>1539 Sheffield Road
>Baltimore, Maryland 21218

_____
Allen F. Loucks
Assistant United States Attorney