UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0723

May 21, 2010

MEMORANDUM TO PARTIES RE:   Brantley v. Total Health Care, Inc.
Civil Action No. BEL-10-755

Dear Parties:

On August 7, 2009, pro se plaintiff John B. Brantley ("Brantley") filed a medical malpractice action against defendant, Total Health Care, Inc. ("Total Health Care") in the District Court for Baltimore City. On March 24, 2010, Total Health Care removed the action to federal court. Now pending is the United States Government's Motion to Substitute and Dismiss. (Doc. 18.) For the reasons stated herein, the motion is GRANTED.

In a letter dated April 1, 2010, the Court put Brantley on notice that a dispositive motion had been filed and that Brantley had 17 days to respond. Brantley has not opposed this motion.

The Government contends that the United States must be substituted as the proper defendant in this action. The Court agrees. Under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n) and the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq, Total Health Care and its employees are considered federal employees. The FTCA provides the exclusive remedy for claims that federal employees were negligent while acting within the scope of their employment. See 28 U.S.C. § 2679(b)(6).

If the Attorney General certifies that the defendant was acting within the scope of employment at the time of the incident, the United States must be substituted for the defendant under § 2679(d)(1) of the FTCA. Here, the Attorney General, by and through Rod Rosenstein, the United Stated Attorney for the District of Maryland, issued a certification that Total Health Care and its employees were acting in the scope of employment at the time of the alleged negligence. (Doc. 18, Ex. 3.) Accordingly, Total Health Care is dismissed and the United States is substituted as the sole defendant in this action.

The Government further contends that because Brantley's tort claim falls under the purview of the FTCA, it must be dismissed for failure to exhaust administrative remedies. The Court also agrees. The FTCA provides that no tort claim may be brought against the United States "unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or

registered mail." 28 U.S.C. § 2675.

The Department of Health and Human Services has no record of an administrative tort claim filed by Brantley relating to this matter. Brantley's failure to exhaust his administrative remedies divests this Court of subject matter jurisdiction. See 28 U.S.C. § 2657; Kielwien v. United States, 540 F.2d 676, 679 & n.6 (4th Cir. 1976).

For the above-stated reasons, the Government's motion is GRANTED and the case shall be DISMISSED WITHOUT PREJUDICE. Brantley may pursue his medical malpractice claim within the Department of Health of Human Services.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly. The Clerk is also directed to CLOSE the case.

Very truly yours,

/s/

Benson Everett Legg

cc: Court file